UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICE-YVETTE WATKINS,

    Plaintiff,

v.

ESTATE OF LATRICE YETTE WATKINS,

    Defendant.
_____/

Case No. 22-cv-11327
Hon. Matthew F. Leitman

**ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) SUMMARILY DISMISSING CASE; AND (3) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

On June 15, 2022, Plaintiff Latrice-Yvette Watkins filed this action against the Estate of Latrice Yette Watkins. (*See* Compl., ECF No. 1.) That same day, Watkins filed an Application to Proceed *In Forma Pauperis*. (*See* Application, ECF No. 2.) For the reasons provided below, the Court **GRANTS** Watkins' Application (ECF No. 2) and **SUMMARILY DISMISSES WITHOUT PREJUDICE** Watkins' Complaint.

I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is

unable to pay such fees[.]" *Id.* In the Application, Watkins reports a complete lack of income or assets of any value. (*See* Application, ECF No. 2.)

The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Watkins. The Court therefore **GRANTS** the Application and permits Watkins to proceed *in forma pauperis*.

## II

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court has reviewed Watkins' Complaint and concludes *sua sponte* that it must be dismissed.

As a preliminary matter, the Complaint is not clear as to the basis of the Court's jurisdiction. Watkins appears to invoke both diversity and federal question jurisdiction. (*See* Compl, ECF No. 1, PageID.4.) However, Watkins' Complaint

identifies herself and Defendant as both being citizens of Michigan, (*see id.*, PageID.2, 4), and thus there is no diversity jurisdiction here. Watkins also purports to bring claims under a number of federal statutes, (*see id.*, PageID.4), and her invocation of those statutes confers federal question jurisdiction on the Court under 28 U.S.C. §1331.

The problem for Watkins is that her Complaint is devoid of any allegations that could even arguably be construed as stating a cognizable claim based on any of the federal statutes she invokes. The Court therefore concludes that Watkins' Complaint lacks any basis in law or in fact and must be dismissed as frivolous.

Accordingly, the Court **DISMISSES** Watkins' Complaint (ECF No. 1). The Court further **CERTIFIES** that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126